```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK         X
---------------------------------------X
IN RE                                    CASE NO.
GEAN BOODRAM,
```

## CHAPTER 13 PLAN

```
              Debtor(s).
---------------------------------------X
```

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor shall pay to the trustee for a period of 60 months, the sum of:

  * $2500 commencing JULY, 2016 through and including JUNE, 2021, the last month of the plan.

2. From the payments so received, the trustee shall make disbursements as follows:

   (a) Full payments in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507 including Jacoby & Jacoby in the amount of $3000

   (b) Holder of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

ALL POST-PETITION PAYMENTS INCLUDING BUT NOT LIMITED TO MORTGAGE, REAL ESTATE TAXES, INCOME TAXES, COMMON CHARGES AND AUTO PAYMENTS TO BE MADE OUTSIDE THE PLAN BY THE DEBTOR(S).

***CALIBER HOME LOAN*** (First mortgage lien holder on the property known as ***74 Silver St., Elmont, NY,*** account number ending ***2832***) will be paid $0.00 of its pre-petition mortgage arrears in the sum of $127,000 over the life of the Plan. Said arrears are to be capitalized under a loan modification under the Courts Loss Mitigation Program as provided for in General Order #582 in the United States Bankruptcy Court for the Eastern District of New York. The Debtor's post-petition mortgage payments to ***Caliber*** under a loss mitigation calculation with a principal balance of $482,800 to be paid at 2% interest amortized over 40 years will amount to a Principal & Interest payment of $1460. Additionally, the estimated amount for escrow (real estate taxes, homeowner insurance, PMI, etc.) will amount to $750 The combined monthly payment of Principal & Interest, together with escrow, totaling $2210 will be remitted directly to the Chapter 13 Trustee while Loss Mitigation application is pending, and until such time as the debtor has entered into a trial modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the debtor will amend the Chapter 13 Plan and Schedule J of the petition to reflect the teerms of the trial agreement, including the direct payment going forward, of the mortgage to mortgage lienholder.

Any net proceeds received by the debtor from pending civil litigation less statutory exemptions to be turned over to the trustee for distribution to

creditors.

       (c) Subsequent and/or concurrently with distribution to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

Pro rata distribution to all timely filed proofs of claims not less than 100%

    3. The following executory contracts of the debtor are rejected:
            **NONE**
    Title to the debtor(s) property shall revest in the debtor upon completion of the plan, unless otherwise provided in the Order confirming this plan

    Throughout the term of this plan, debtor agrees that debtor will not incur post-petition debt over $1500.00 without first notifying the Chapter 13 trustee in writing.

Dated: 6/25/16                 <u>/S GEWAN BOODRAM</u>

<u>/S Richard Jacoby           </u>
Richard A. Jacoby, Esq.
Attorney for Debtor(s)